*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

Submitted November 9, affirmed December 7, 2022

In the Matter of V. H.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

V. H.,
*Appellant.*

Multnomah County Circuit Court
21CC05709; A177349

Eric A. Lentz, Judge.

Alexander C. Cambier and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

In this civil commitment case, appellant seeks reversal of a judgment involuntarily committing her to the custody of the Mental Health Division for a period not to exceed 180 days. She argues that there was insufficient evidence to prove that, at the time of the hearing, she had a mental disorder that caused her to be dangerous to herself. *See* ORS 426.005(1)(f)(A);[1] ORS 426.130.[2] Because the record was legally sufficient to support the trial court's conclusion, we affirm.

Appellant does not request *de novo* review, nor is this an exceptional case warranting such review. *See* ORAP 5.40(8)(c) (this court will exercise its discretion to try the cause anew on the record only in exceptional cases). "[W]e view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *State v. T. Y.*, 285 Or App 21, 22, 396 P3d 986 (2017) (quoting *State v. M. A.*, 276 Or App 624, 625, 371 P3d 495 (2016)). Additionally, this court is "bound by the trial court's findings of historical fact that are supported by any evidence in the record." *State v. J. D. S.*, 242 Or App 445, 447, 263 P3d 1017 (2011). In light of the clear and convincing standard of proof required by ORS 426.130(1), "the question for us as the reviewing court is whether a rational factfinder 'could have found' that it was highly probable that appellant presented a danger to [herself]." *State v. M. J. F.*, 306 Or App 544, 549, 473 P3d 1141 (2020).

---

[1] ORS 426.005(1)(f) defines "person with mental illness" as "a person who, because of a mental disorder, is one or more of the following: (A) Dangerous to self or others."

[2] ORS 426.130(1) provides, as relevant here:

"After hearing all of the evidence, and reviewing the findings of the examiners, the court shall determine whether the person has a mental illness and is in need of treatment. If, in the opinion of the court, the person:

"(a) Is a person with mental illness based upon clear and convincing evidence, the court:

"* * * * *

"(C) May order commitment of the person with mental illness to the Oregon Health Authority for treatment[.]"

In the case at hand, the record is replete with evidence that appellant suffers from a mental disorder that "would cause *** her to engage in behavior that is likely to result in physical harm to *** herself in the near term." *State v. R. E.*, 248 Or App 481, 491, 273 P3d 341 (2012) (internal quotation marks omitted). Moreover, the threatened harm was actual serious physical harm. *State v. B. B.*, 240 Or App 75, 82, 245 P3d 697 (2010) (noting "our cases have established that the threatened harm must, at minimum, involve actual physical harm, and that the physical harm must be serious" (internal quotation marks and citation omitted)). And although no physical harm had yet come to appellant because of her fire-setting activities or her spreading of lighter fluid on the floors of her husband's house, those activities created a danger to her. *State v. M. T.*, 308 Or App 448, 453, 479 P3d 541 (2021) (noting the state does not need to "wait until serious physical harm actually occurs before a person may be considered a danger to herself"). Moreover, the evidence allowed for a finding—which the trial court expressly made—that appellant lacked insight about her conduct.

Thus, resolving all inferences in favor of the trial court's disposition, we conclude that this record is legally sufficient to permit a rational trier of fact to conclude that it is highly probable that appellant presents a danger to herself for purposes of ORS 426.130.

Affirmed.